UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID G. BENNER,

                    Plaintiff,                                    Case No. 1:07-cv-569

v.                                                    Honorable Robert Holmes Bell

MICHIGAN PAROLE BOARD et al.,

                    Defendants.

_____/

**REPORT AND RECOMMENDATION**

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because the Michigan Parole Board is immune and Plaintiff fails to state a claim against the remaining Defendants.

**Discussion**

I.       Factual allegations

Plaintiff is incarcerated in the Florence Crane Correctional Facility.  He pleaded guilty in the Lapeer County Circuit Court to third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(a) (victim between 13 and 16 years of age).  On July 10, 2000, the trial court sentenced him to imprisonment of five to fifteen years.  The instant action concerns the denial of his parole by the Michigan Parole Board.  In his *pro se* complaint, Plaintiff sues the Michigan Parole Board, Parole Board Chairman John Rubitschun and Parole Board Members James Atterberry and Marianne Samper.  He seeks injunctive relief and monetary damages of $250,000.

The Michigan Parole Board must follow the parole guidelines promulgated by the Michigan Department of Corrections (MDOC).  *See* MICH. COMP. LAWS § 791.233(e)(5).  The parole board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reason stated in writing."  *See* MICH. COMP. LAWS § 791.233(e)(6).  Plaintiff was denied parole on May 11, 2004, April 11, 2005 and April 27, 2006.  When Plaintiff was considered for parole in 2006, he scored as having a high probability of parole.  The parole board provided the following reason for departing from the parole guidelines: "P did not demonstrated [sic] much insight into his deviant behavior, P also completed SOT (sex offender therapy) with mostly poor grades.  This indicates that P has not gained much from therapy.  According to these factors, PB is not convince [sic] that P [sic] risk has been reduced."  (4/27/06 Parole Board Notice of Decision, Exhibit E, Docket #1.)

Plaintiff claims that the parole board relied upon inaccurate information from his Group Therapy Termination Report, which in turn, relied upon inaccurate information in his Pre-

sentence Investigation Report (PSIR). Plaintiff argues that the PSIR contained information disclosed by Plaintiff during plea negotiations after the parties had stipulated that the negotiations were confidential and nothing Petitioner said during those proceedings would be held against him. For example, the Group Therapy Termination Report contained information from the PSIR that Plaintiff committed sexual assaults against both of his daughters, his stepdaughter, granddaughter and possibly a neighbor girl. (4/9/04 Therapy Termination Report, Exhibit C, Docket #1.) Plaintiff admits to the single offense involving one of his daughters, but claims that the remaining allegations of sexual misconduct referred to in the PSIR never have been proven in court.

Plaintiff pursued correction of the PSIR in the state trial court. According to an order issued by the Lapeer County Circuit Court on May 20, 2005, the MDOC prepared a corrected PSIR on February 11, 2002. (5/20/05 Order of the Lapeer County Circuit Court, Exhibit A, Docket #1.) However, the corrected version was not made part of Plaintiff's record with the MDOC. Accordingly, the trial court's May 20, 2005 order required the MDOC to make the corrected PSIR part of Plaintiff's permanent record. After his parole was denied in 2006, Plaintiff filed a grievance claiming that the parole board denied his parole on the basis of false information contained in the PSIR. The Step II grievance response stated in part:

> A corrected copy of your PSI was received by the Parole Board [sic] May 2005. The corrected PSI removes only approximately 12 sentences out of a several page document. A corrected copy of your Parole Guidelines is in your Central Office file as of February 16, 2006. The information contained in the corrected reports was taken into consideration for your 2006 Parole Board hearing decision denying your parole. You will not be given a reconsideration hearing based upon the corrected information as it would not change earlier decisions made by the Parole Board to deny your parole.

(Step II Grievance Response, Exhibit L, Docket #1.) Therefore, the parole board had the benefit of the corrected PSIR when it made its decision to deny Plaintiff's parole in 2006.

II.     Immunity

As an initial matter, Plaintiff may not maintain a civil rights action against the Michigan Parole Board.  The Michigan Parole Board is part of the MDOC.  MICH. COMP. LAWS § 791.231a(1).  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1994).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  Therefore, the Michigan Parole Board, as part of the MDOC, is immune from all claim for injunctive and monetary relief.  *See Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (Michigan Parole Board entitled to Eleventh Amendment immunity); *Carson v. Mich. Parole Bd.*, No. 88-1277, 1988 WL 79688, at *1 (6th Cir. July 27, 1988) (same).

Plaintiff also sues parole board members Rubitschun, Atterberry and Samper. Members of a parole board have absolute immunity from damages liability for actions taken in the performance of their duties regarding the decision to grant or deny parole, because that task is functionally comparable to that of a judge. *Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780, at *1 (6th Cir.  Nov. 4, 1999); *Tillman v. Price*, No. 96-2032, 1997 WL 225993, at *1 (6th Cir. May 5, 1997); *Ward v. Moss*, No. 94-1417, 1994 WL 664948, at *1 (6th Cir. Nov. 23, 1994); *accord Scotto v. Almenas*, 143 F.3d 105, 110 (2d Cir. 1998); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996); *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996); *Little v. Bd. of Pardons & Parole Div.*,

68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992).

The actions for which Plaintiff complains were taken by Defendant parole board members in their

quasi-judicial function of deciding whether to grant or deny Plaintiff's parole; therefore, they are

immune from Plaintiff's claims for monetary damages.  As set forth below, Plaintiff's claims for

injunctive relief fail to state a claim upon which relief may be granted.

III.     <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear

that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific

constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A challenge to the fact or duration of confinement should be brought as a petition for

habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See*

*Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by

a person in custody upon the legality of that custody and the traditional function of the writ is to

secure release from illegal custody).  The Supreme Court has held that a state prisoner cannot make

a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by

actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows

that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that §1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. *See also Thomas v. Eby,* 481 F.3d 434, 439-40 (6th Cir. 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). Plaintiff does not directly seek release from prison; rather, he requests an injunction preventing Defendants from violating his federal rights in future parole proceedings. As a consequence, under *Wilkinson*, success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, so his action does not appear to be *Heck*-barred. *See Wilkinson*, 544 U.S. at 82. Assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim.

Plaintiff claims that the parole board relied upon inaccurate information in making the decision to deny his parole. Plaintiff's allegations implicate his Fourteenth Amendment due process rights. However, Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an

inmate to release on parole.  *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole.  Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole.  *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).  Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole.  *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990).  Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system.  *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Because Plaintiff has no liberty interest in being paroled, he cannot show that the alleged inaccurate information in his PSIR and Group Therapy Termination Report was relied upon to a constitutionally-significant degree. *See Maiden v. Johnson*, No. 98-1479, 1999 WL 507027, at *1-2 (6th Cir. June 10, 1999); *Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999); *Perotti v. Marshall*, No. 85-3776, 1986 WL 16695, at *1-2 (6th Cir. Mar. 14, 1986). Moreover, the parole board considered the corrected PSIR in making its decision to deny Plaintiff's parole in 2006. Plaintiff, therefore, fails to state a claim for a violation of his due process rights.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915A(b) because the Michigan Parole Board is immune and Plaintiff fails to state a claim against the remaining Defendants. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  August 27, 2007                      /s/  Joseph G. Scoville
                                             United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).