UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID G. BENNER,

    Plaintiff,                          Case No. 1:07-CV-569

v.                                          Hon. Robert J. Jonker

MICHIGAN PAROLE BOARD, et al.,

    Defendants.
_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 4) filed on August 27, 2007. Plaintiff filed his Objection to the Report and Recommendation (docket # 5) on September 14, 2007.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Scoville; the Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court finds the Report and Recommendation to be both factually sound and legally correct. As explained below, the Court also finds an additional reason (i.e., absolute immunity from a claim for injunctive relief) to adopt the Report and Recommendation's recommended disposition of dismissal of Plaintiff's complaint.

The Report and Recommendation recommends that Plaintiff's complaint be dismissed. It concludes that the Michigan Parole Board is immune from suit under the Eleventh Amendment; Defendant parole-board members are entitled to absolute immunity from damages liability; and Plaintiff's complaint fails to state a cognizable claim for injunctive relief because a Michigan prisoner has no liberty interest in parole. Plaintiff argues that the Michigan Parole Board is not immune from suit; the parole board members are not entitled to absolute immunity; and his complaint states a cognizable claim for injunctive relief even though a Michigan prisoner has no liberty interest in parole.

Plaintiff's objections are without merit. As explained in the Report and Recommendation, the Eleventh Amendment immunizes the Michigan Parole Board from a prisoner's § 1983 claim. *E.g.*, *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001).

Additionally, the Report and Recommendation properly concludes that the Defendant parole-board members are entitled to absolute immunity. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) ("[P]arole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole." (citing *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996); *Littles v. Board of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *Walrath v. United States*, 35 F.3d 277, 281–82 (7th Cir. 1994); *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992); *Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988); *Johnson v. Rhode Island Parole Bd. Members*, 815 F.2d 5, 8 (1st Cir. 1987); *Anderson v. Boyd*, 714 F.2d 906, 908–10 (9th Cir. 1983)). Because that immunity extends to claims for damages *and injunctive relief*, Defendant parole-board members are immune from all of Plaintiff's claims. *Id.* ("Absolute immunity bars not only [a] § 1983 claim for damages but also [a] claim for injunctive relief. The 1996 amendments to § 1983 provide that 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" (citing 42 U.S.C. § 1983)). Moreover, even if Defendant parole-board members were not immune from Plaintiff's claim for injunctive relief, the Court would still dismiss Plaintiff's complaint because it fails to state a cognizable claim. Plaintiff has no liberty interest in being paroled; therefore he has no claim even if Defendants relied on false information in denying his

3

parole.  *See Caldwell v. McNutt*, 158 F. App'x 739, 741 (6th Cir. Jan. 10, 2006) ("Michigan law . . . does not create a liberty interest in the granting of parole. . . . Therefore, even if the Parole Board relied on inaccurate information to deny . . . parole, it did not violate any liberty interest protected by the United States Constitution." (citations omitted)).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed August 27, 2007, is approved and adopted as the Opinion of the Court.  This Order supplements the reasoning of the Report and Recommendation by providing an additional ground (i.e., absolute immunity from a claim for injunctive relief) for dismissal of Plaintiff's claims against the Defendant parole-board members.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed because the Defendants are immune from suit and, in any event, Plaintiff's complaint fails to state a claim.  This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).  The Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated:   March 17, 2008                          /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 UNITED STATES DISTRICT JUDGE